**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:23-CR-114(1)-CRW** |
| | § | |
| **JEFFREY GLENN JONES** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE CHRISTOPHER R. WOLFE,
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Judge pursuant to United States Code Title 28, Section 636(b)(1)(c), United States Code Title 18, Section 3401(i), the Court's standing Magistrate Referral Order, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of Jeffrey Glenn Jones's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On April 24, 2024, United States District Judge Alan D. Albright sentenced Jeffry Glenn Jones to a 12-month and one-day period of imprisonment with a two-year period of supervised release to follow, a $100 fine and a $100 special assessment. Jones has paid both his fine and special assessment, and he began his initial period of supervised release on February 27, 2025.

On April 21, 2026, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Jones violated the terms of his

supervision in the following ways:

**Violation Number 1:** Mandatory Condition Number 3, Jones shall refrain from any unlawful use of a controlled substance. He shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the Court), but the condition stated in this paragraph may be ameliorated or suspended by the Court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by Jones. Specifically, on or about April 14, 2026, Jones provided a random urine sample which tested positive for the presence of marijuana, amphetamine, and methamphetamine.

**Violation Number 2:** Mandatory Condition Number 1, Jones shall not commit another federal, state, or local crime during the term of supervision. Specifically, on or about April 18, 2026, Jones was arrested and charged with Assault Causing Bodily Injury to a Family Member in violation of Texas Penal Code Section 22.07(a)(1).

On June 2, 2026, the Court held a hearing on the petition. At the hearing, Jones pled **TRUE** to Violation Number 1 to the extent that he used marijuana, **NOT TRUE** to the remaining allegations in Violation Number 1, and **NOT TRUE** to Violation Number 2. The petition contained a sufficient factual basis to support a plea of **TRUE** to the use of marijuana. Based on Jones's pleas of **NOT TRUE**, the Court held an evidentiary hearing on the allegations in Violation Number 1 concerning Jones's use of amphetamine and methamphetamine and the allegations in Violation Number 2.

During the hearing, the government presented testimony from a police officer who responded to the incident giving rise to Violation Number 1 and from Jones's probation officer, who was able to provide testimony regarding Violation Number 1 and Mr. Jones's general performance while on supervised release. The police officer testified that the victim of the assault presented injuries that were consistent with a domestic assault that included attempted strangulation, described what those injuries were, and provided testimony regarding

corroborating facts that Jones caused those injuries. In addition to testifying regarding the drug testing process and how it reliably indicated that Jones committed the allegations set out in Violation Number 1, the probation officer testified regarding Jones's refusal to surrender and leave the home where he was located when the United State Marshall's Service attempted to arrest him pursuant to the Court's arrest warrant, the resulting need to use tear gas, that Jones placed his neighbor at risk, and that Jones was subsequently apprehended when he fell through the ceiling of his neighbor's house. Jones also testified on his own behalf regarding his version of events regarding the incident giving rise to Violation Number 2 and the circumstances surrounding his apprehension by the USMS. Based on all of the evidence that was presented, the Court was able to determine that the alleged violations were true by a preponderance of the evidence.

Accordingly, the Court finds that the allegations in Violation Number 1, that Jones tested positive for amphetamine and methamphetamine, and the allegations in Violation Number 2, that Jones committed another offense while on supervised release, are **TRUE**.

## II.  FINDINGS OF THE COURT

Based on Jones's sworn statements and other testimony at the hearing, the undersigned finds as follows:

1. Jones violated the conditions of his supervision as alleged in the petition.

2. Jones was competent to make the decision to enter a plea of **TRUE**.

3. Jones had both a factual and rational understanding of the proceedings against him.

4. Jones did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. Jones was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. Jones was sane and mentally competent to stand trial for these proceedings.

7. Jones was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Jones received a copy of the petition naming him, and he either read it or had it read to him.

9. Jones understood the petition and the charges alleged against him.

10. Jones had a sufficient opportunity to discuss the petition and charges with his attorney.

11. Jones was satisfied with the job his attorney has done and had no complaints about his attorney.

12. Jones understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. Jones freely, intelligently, and voluntarily entered his plea of **TRUE**.

14. Jones understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support Jones's pleas of **TRUE**.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the District Judge find the remaining allegations in Violation 1 and Violation 2 are **TRUE**, **REVOKE** Jones's supervised release, and sentence him to the following:

(1) a 24-month term of imprisonment, including credit for any time already served since his arrest; and

(2) no period of supervised release to follow.

The Court makes this recommendation in consideration of the need to provide and promote deterrence of future criminal conduct in light of Jones's abuse of and injury to the individual referenced in Violation Number 2, his ongoing drug use; the need to protect the public from further crimes in light of the conduct giving rise to Violation Number 2 and the facts and circumstances surrounding Jones's arrest by the USMS; and to provide Jones with additional rehabilitation opportunities in light of his continued drug use.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battles v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 4th day of June, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE